

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. Draper
Chief Driver's License Division
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-5466
Re: Is the term "Driver's
License" to be inter-
preted as "Driver's
Privilege" under the
provisions of Section
24 (a) Article 6687b,
Revised Civil Statutes
with reference to sus-
pension of licenses, and
if a person does not have
a license at the time of
conviction, can the De-
partment deny him a li-
cense during the period
of his suspension.

Your three letters of request for Opinion of
this Department dated July 20, 1943, have been received
in which you seek an opinion on each of the following
questions:

Question No. 1. Does Section 24 (a) of Article
6687 (b) mean that the person's driving privilege in
this state shall be suspended, when such person has
never been issued a license?

Question No. 2. Does the Department of Public
Safety have authority to suspend a driving privilege,
or can such proceedings be instituted only when the
violator is at the time the holder of a valid license,
and the operator has been guilty of one or more offenses
listed under Section 22 of Article 6687b of the statutes?

Question No. 3. If a person is convicted of any



332

Honorable J. B. Draper, Page 2

of the offenses for which suspension is mandatory under
Section 24 of Article 6687b, Vernon's Annotated Revised
Civil Statutes, but such person does not have a license at
the time of conviction, does the Department of Public Safety
have authority to deny him a license during the period of
his suspension?

It is basic that a person has no driving privilege
in this state until a license has been issued to him. An
official license may be said to be a permission granted by
public authority to perform certain acts which are forbidden
by law except to persons obtaining such permission. Hoefl-
ing v. City of San Antonio, 85 Tex. 228, 20 S. W. 85, 16
L. R. A. 608. The term "license" may be used to designate
the permission itself. There can be no suspension proceed-
ings instituted to suspend a driving privilege which is not
existent by reason of the fact that the person has not been
issued a driver's license. Therefore, we answer your first
two questions in the negative.

Section 4, Subsection 9, and Section 10 of Article
6687b, Vernon's Annotated Revised Civil Statutes, respect-
ively read as follows:

"Section 4.  The Department shall not issue any
license hereunder:

. . .

"9.  To any person when the Department has good
cause to believe that the operation of a motor vehicle
on the highways by such person would be inimical to
public safety or welfare."

"Section 10.  The Department shall examine every
applicant for an operator's, commercial operator's,
or chauffeur's license, except as otherwise provided
in this Section.  Such examination shall be held in
the county where the applicant resides or makes appli-
cation within not more than ten (10) days from the
date the application is made.  It shall include a
test of the applicant's vision, his ability to under-
stand highway signs in the English language regulating,
warning, and directing traffic, his knowledge of the
traffic laws of this State, and shall include an
actual demonstration of ability to exercise ordinary
and reasonable control in the operation of a motor

vehicle and such further physical and mental examination as the Department finds necessary to determine the applicant's fitness to operate a motor vehicle safely upon the highways, and provided further that the Director shall have the authority to cause to be re-examined licensee in any case which in his judgment the licensee is incapable of operating a motor vehicle, said examination shall be held in the county of the licensee's residence unless otherwise agreed to by both parties to be held elsewhere."

In deciding the issue of the applicant's fitness to operate a motor vehicle and whether or not the operation of a motor vehicle by the applicant would be inimical to public safety or welfare, the Department should take into consideration the fact that such person has been guilty of an offense for which suspension of a driver's license is mandatory under Section 24, Article 6687b, Vernon's Annotated Revised Civil Statutes, or any other offense under the laws regulating the operation of motor vehicles, and should deny the issuance of any license if, in the opinion of the Department, it "would be inimical to public safety or welfare" for the applicant to have any license.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 29, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

Eugene F. Catlett
Assistant

EFC:bp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN